This is our second case of the morning, Bauer v. R.J. Reynolds, 415-0663. For the appellee, Mr. Corwin, for the appellate, Mr. Reitz, you may proceed. Thank you. Your Honors, Mr. Corwin, may it please the Court, my name is Kurt Reitz and I represent R.J. Reynolds. Mr. Bauer claims exposure to asbestos caused him a condition called asbestosis. And I am here today as the appellant on the denial of R.J. Reynolds' form of non-convenience motion to transfer this case from McLean County to either Mercer County or adjacent Rock Island County. And Your Honors, Reynolds' form of non-convenience motion shows that as to Mr. Bauer, he lived in Mercer or Rock Island Counties most of his adult life. It also shows he primarily worked in Mercer or Rock Island County. It also shows Mr. Bauer was exposed to asbestos, if it is as alleged, either at work or doing remodeling in Mercer or Rock Island County. It also shows Mr. and Mrs. Bauer incurred what damages, they claim here in this case, in Mercer or Rock Island County. And it shows the other relevant relatives and exposure witnesses who have been identified by plaintiff are located in Mercer County. In contrast, Mr. and Mrs. Bauer never lived in McLean County, never worked in McLean County. These would all be good reasons why, had they made a motion to change venue, it should have been granted. But they're not the people who sought to change venue, it's you. It is true, Your Honor. So then why are you arguing their inconvenience? I'm not arguing their inconvenience because some of the cases do suggest that, Your Honor. But nevertheless, the fact that the plaintiffs and the other witnesses do not live there are considerations for other private factors besides their inconvenience, and more importantly are considerations for the public factors that must be considered besides the plaintiff's own inconvenience. So, counsel, I have a question. If we were to reverse and grant the motion to transfer this case, does that take just your case to that new venue and leave the others in McLean County? In our opinion, Your Honor, it should take the whole case. Well, everyone hasn't filed a motion, everyone hasn't joined in your motion, so I'm really asking you to answer that question directly. I mean, isn't it true that it would just transfer your case? I believe it would take the whole case. And what is that based on? Because I have not seen one bifurcated such as the court has suggested. When venue or forum is attacked, jurisdiction would be somewhat different. I've not seen a bifurcated case. When we handled this in Laverty, which was a dismissal, it was dismissed as to everyone. But there's no rule of law that automatically moves it, is there? So you're the trial judge in McLean County and you get reversed by this court on denial of the forum nonconvenience and the rest of the case is pending. Now what? Are you under some obligation to sua sponte move it? Well, 11 of the parties already saw a transfer or raised it in their pleadings besides us. I would transfer the whole case. It doesn't belong there. Counsel, my question was, are you sua sponte under some obligation to move the case? Not that I'm aware of, Your Honor. Okay. So you have to wait and see.  There are 16, is it 16 total other parties? Actually, there were 39. How many are there now? A few have settled down. Okay. So there are 20s or 30s? Yes, sir. So the case comes back to you. You're the trial judge in McLean County and you've been reversed on this case and it's being transferred. And I guess you're just until the others come up and say they want to transfer it as well and how many of them would there have to be before you would transfer this, the remaining McLean County case? Again, I would transfer the case. I would go through the factors. I would understand the Gulf Oil test. I would apply it and say this case doesn't belong here. There are both public and private factors to consider, most notably when we get to the public factors, and I shouldn't be trying a case in McLean County that has nothing to do with McLean County. I shouldn't be trying a case where one juror leads to the other. Other than the conspiracy claim? I'm sorry? The conspiracy claim? The conspiracy claim is an interesting claim, Your Honor. The conspiracy claim, as you know, has been already rejected by this very court on multiple occasions. But not in this case at this point, correct? It is still pending. That is true. That is true, and it's pending arising out of alleged work at a UNARCO plant where UNARCO is not the defendant. The plaintiff never worked in McLean County. The plaintiff never worked at UNARCO. Has the 3rd District ever addressed the conspiracy claim? I'm sorry? Has the 3rd District Appellate Court of Illinois ever addressed a conspiracy claim? I don't know the answer to that. I suspect not. But we have. But you have. And we've rejected it. You rejected it. You want to go into the 3rd District? Yes, sir, because even if that was a factor, even if it would at most be a minor one, and I would submit when we get to the public interest factors in this case, what you would be telling the court is if Mr. Weitler and his firm can keep repeating this conspiracy count, whether the person ever worked in McLean County or not, whether they ever worked in UNARCO County or not, you would be allowing them to make this argument repeatedly, over and over again, and set up a litigation center. Why didn't you file a motion to dismiss that count in the trial court and try to get a ruling on it before this one? The conspiracy count is not asserted against me, Your Honor. It's only asserted against a discrete group of defendants, and I don't believe it's asserted against R.J. Reynolds in any way, shape, or form. That's correct. That's my understanding. Thank you, Your Honor. So where we're at on this, we seek transfer from McLean County to Mercer or Rock Island County. I'm sure the court's familiar with form not convenience, so I'll be brief on the law, but simply put, if there is more than one potential form, the equitable doctrine of form not convenience is to be invoked to find the most appropriate form. Now, what do you do in determining what county is most convenient when there are 39 defendants and two plaintiffs, such as at start it off? Well, we have the answer to that. We have a test. There's a test and an analysis that is to be performed, and in particular, the doctrine of intrastate form not convenience in Illinois has been alive and well and in use in Illinois since 1983 in Torres v. Walsh, and in Torres v. Walsh, the Illinois Supreme Court adopted the United States Supreme Court's analysis in Gulf Oil, which sets out what to consider. You don't just hold your finger in the air and decide what's convenient. You don't just throw in the towel and say, well, there's 39 defendants. Nowhere is convenient. You go through the Gulf Oil analysis, and the Gulf Oil analysis requires the consideration of a number of private factors and public factors in considering a form not convenience motion. There is the plaintiff's interest in choosing a form, and he is entitled to deference except when the plaintiff is not a resident of the form, and then the plaintiff gets less deference. There's the relative ease to the access of sources of proof. That's testimonial. That's documentary. That's evidentiary. And we have an exhibit that the court has allowed us to present, which we believe takes any issue of balancing that issue out of consideration. There is simply no factual connection between this case and the asbestos exposure and the Bowers and where he lived and worked in McLean County. There is the availability of compulsory process, which is admittedly not a factor here. There is the cost, which we believe in Dottie and other cases, it's presumed when the plaintiffs, when the three witnesses identified by the plaintiffs and when the medical care are all in that county that the cost is a consideration in our favor, and there's all the other practical problems that make trial of a case easier, more expeditious, and less expensive. More importantly here, and significantly more importantly in my opinion, there are other public factors to consider. There are the administrative difficulties when litigation is piled up, this is the Supreme Court's words, not mine, in congested counties instead of being handled at its origin, commonly called litigation centers. There is jury duty imposed upon a community in a case where there's no factual relationship to that forum. There's a recognition at very basic level that local cases should be tried locally. And then finally there's application for law from out of state, which again is admittedly not a factor here because it's an intrastate forum nonconvenience motion. So those are the basic principles, and that is the analysis used to determine, again, you cannot simply say because there's 39 defendants, nowhere is convenient, and throw in the towel. You apply the Gulf oil analysis. I think we know the analysis. Did the trial judge not know these factors or not weigh them? Your Honor, the order provides no analysis. You have the transcript from the hearing where the judge considered, as I understand, two things. One, she essentially said nowhere is convenient, and two, she focused on this conspiracy claim that was made. What about the fact that a good portion of the evidence is documentary? I think she referred to that as well. She may have, Your Honor. Are we supposed to assume that? I mean, this is an abuse of discretion standard, is it not? It is, sir. On issues of law, if the court got the law wrong or misapplied the law, it would be de novo on law. But admittedly on forum nonconvenience, the ultimate decision is abuse of discretion. How did Judge Foley abuse her discretion? Not weighing the factors a particular way. I mean, the way that you want them to. I mean, your position is the factors are clear and it should have been transferred. Yes, sir. She didn't agree with you, and she provided some reasons which... She did, Your Honor. She did, Your Honor, and we believe she didn't consider a number of the private factors. And again, as the court pointed out, I can't say Mr. and Mr. Bauer need to have their lawsuit there. They want to choose to file it somewhere else that's fine. But these are the private connections of the case. Not by me, but by the plaintiff. It's the plaintiff's residence, Mercer County. The plaintiff's residence for a short period of time. We can see that there's no check marks in the claimant's account. Good. That was the point. And then, more importantly, there's the public factors to consider. And when we get to the public factors, while plaintiff's choice of form is given deference, it's given less deference... Well, let me stay on the private factors for a minute. When plaintiff's choice of form is given deference, it's given less deference when they're not residents. And some of the cases, including the Supreme Court, suggest that there's even foreign shopping when the plaintiff files in a county that's not their forum. Now, I can go through the facts at length, but the bottom line is Mr. Bauer was born... Well, not born. Since two years old, was a resident of Mercer or Rock Island County. He was raised, lived, worked, and got all of his medical care for the condition alleged in the suit in Mercer or Rock Island County. He has no connection that I'm aware of, factually, himself, to McLean County. Then there's Mrs. Bauer, the other plaintiff. She lived in Mercer or Rock Island County, again, for most of her life, with the exception of when the Bauers lived in Arizona, for which they claim no asbestos exposure. All of her damages were occurred in Mercer or Rock Island County. There are the witnesses identified by the plaintiff, which are relatives and exposure witnesses, witnesses that plaintiff answered interrogatories to, saying these witnesses would be called to testify as to Mr. Bauer's employment and exposure. Opinions may be sought as to the time, distance, and dustiness of the work conditions. All three witnesses are from Mercer County. There is the medical care in this case. There is the medical care in this case. That is all in Mercer County. And then there's the plaintiff's own admission at the trial court level in the memorandum of opposition, which says, in quotes, it is true that plaintiffs' relatives and doctors are in Aledo, which is in Mercer County, or Rock Island. So that's the private factor. Is there any case that deals with the situation we have here, that you cited to us where we have multiple parties, and multiple parties who are not part of the motion for change of foreign nonconvenience? Your Honor, I believe the Laverty v. CSX, the Fifth District case that we handled, deals exactly with that situation. And they dismissed the entire case. It was a dismissal from Michigan. We were the only defendant. If it's from Michigan, that would be a question of jurisdiction, wouldn't it? No, it was a question of interstate foreign nonconvenience. CSX did business in Illinois, so there was jurisdiction. What about interstate, as this is? Interstate foreign nonconvenience where we have multiple parties? I don't believe there's another case like this, Your Honor. Because it seems to me, going back to the very question I asked you, that aside from everything else, the trial court might very well, given that this is, I think, always a relatively close question, to say I've got multiple parties here, and I've got this one case, and if I grant the motion where only some defendants have raised this, we're going to be splitting this, and that makes no sense. And I don't know, and I say, as the very question I asked you, since I'm under no sua sponte obligation to move this, if the trial court, the appellate court were to reverse me, then we have a situation where I have to wait and see what the other defendants are going to do. And I suspect you probably, I don't know if the record shows this or not, but I suspect that the other defendants probably know of your having filed this motion at the trial court, and if they wanted to join you, could have. At least 11 filed similar motions, Your Honor. But that means several others didn't, and so there we have a situation, and that's why I'm asking, it seems to me, if I'm a trial judge, I'm thinking this case ought not be divided up. There's nothing to be gained by it. If I grant the motion for a change of farm nonconvenience here, then all I'm doing is I've still got this case, and I've now inflicted the same case upon some poor trial court and these other counties. Why is that not correct? I think the entire case should be transferred. You keep telling me that, counsel, and I keep asking on what basis. That is, the 20-some defendants who have yet to move the case, are they going to move for a change of venue or farm nonconvenience in the event we reverse? And why, if I'm the trial court, would I have any reason to think that? Maybe they're happy in McLean County. Maybe especially the people who are the civil conspirator defendants particularly don't want to leave the 4th District. And you're talking about moving to trial courts in the 3rd District. So why isn't the specter, as I view it, of having this case divided up, leaving a portion of it in McLean County, while another portion of it involving R.J. Reynolds goes to Mercer or Rock Island County, why isn't that enough for me to say that's not a good thing to do? I'm going to deny the motion. Period. On just that basis, why doesn't that constitute a reasonable exercise of the trial court's discretion? Well, first of all, the court never articulated that in any way, shape, or form. The court's not required to articulate anything, counsel. You're looking at a bunch of former trial judges here. We understand how this process works. And secondly, Your Honor, which is why I would emphasize again, the whole case goes because the case doesn't belong there, and that's what this doctrine is supposed to address. It's not, as the court suggests, to just parse out me and send it over where I should belong. It's to address public. You keep saying that, counsel, and until you can give me some explanation on why the whole case goes, other than it's your opinion, this is not a persuasive argument. Is the court under a sui sponte obligation? You conceded no. So if we reverse and remand with directions to transfer the case, this case, what's going to happen with the other defendants? Is there any reason to believe that they are going to make a motion for nonconvenience as well? I believe the court, with your directions to transfer, will transfer the entire case. I don't even think, well, our direction would be this case, not the other 30 defendants. This particular claim, where I'm named in the same counts as the other defendants, somehow you're going to carve that out? I'm asking for this case to be transferred. But how is it fair to enter an order that impacts other parties who have had no opportunity to even appear, argue? I mean, that really goes against principles of fairness and due process. Your Honor, if we argued an evidentiary motion, and nobody else and everybody else watched, and that evidentiary motion was ruled upon, that evidentiary order would apply to everyone. I do not understand why this one is different. Well, is there any authority that stands for the proposition that our granting your motion by reversing the trial court automatically moves this entire case to wherever the trial court in McLean County chooses to transfer it to, either Rock Island or Mercer County? Is there any authority that says, trial judge, you now must move all of the cases, not just the R.J. Reynolds portion? I believe, Your Honor, that the authority is that we filed the motion and that it is the case. You can't simply parse out the claim against us. And that it does move the case, and you may have as one of the considerations that not all defendants joined in this. But you cannot simply say, I don't win because I didn't get a universal appeal on this. I don't think you've answered my question. My question is, is there any authority that says to the trial court, when our order comes reversing, the only issue before the court was the denial of your petition for a form of nonconvenience. Was it not? The only issue before the court was whether the case should be transferred on a doctrinal form of nonconvenience. As brought by R.J. Reynolds. That's where we disagree. We're seeking the case to be transferred. So you're speaking on behalf of all the other defendants. I believe we are asking the entire case to be transferred. Yes, sir. And I believe you may consider how many people joined in as a factor, but I don't believe it was ever the intent for nonconvenience to parse up the case. Okay. And that's why these public considerations are so important, because this is simple matters of respect for the court and court system. When we get into situations where we have litigation in congested counties, if you don't transfer this case, what's going to happen? What have you suggested to plaintiffs' firms, the Wilder firm in particular? Is McLean County now a litigation center whenever, and in any way they ever raise the conspiracy claim, no matter how attenuated and no matter how many times rejected? That case is there now. Your time has expired, but even if that doesn't come up from that side, I'll let you make additional argument on rebuttal. You're not limited to what they say on rebuttal. We would also like to address the record on appeal, Your Honor. Thank you, sir. Thank you. Your Honors, counsel, may it please the Court, my name is Chip Corwin. I represent the plaintiffs' FLEs, Bill and Sharon Bauer in this case, and we are asking you to affirm the decision of the trial court denying transfer. There are a couple of things that I want to respond to right away from counsel's argument, the first of which is regarding the conspiracy claims, which they were characterized as being rejected. I think they were rejected. A conspiracy claim is obviously still a valid claim in the state of Illinois. What was rejected was the sufficiency of the evidence presented at those cases, so the claims themselves are still valid. Didn't this Court address that a few times and say they aren't? The Court did address, yes, the Court addressed the sufficiency of the evidence presented in those cases, but if new evidence were presented establishing a more direct evidence of the conspiracy instead of just parallel conduct, which is what I think the Court objected to in the previous cases, the claim of conspiracy hasn't been eliminated from court law in Illinois. It's just the particular evidence presented there, and if the plaintiffs were ever able to get... So you're going to have lots more and better evidence to support the claim this time? Well, so far, summary judgment has been granted in the 4th District, or in McLean County, but there is also competing authority from this Court regarding that evidence. Those were the older cases, weren't they? Right, they were. They were older cases, and the Court declined to follow the older cases. So we'd have to reverse our more recent decisions for your claims to have merit? Presenting the same exact evidence, yes. But then the Gillenwater case, the last case on conspiracy, the Court did find that there was sufficient evidence for a jury issue regarding a conspiracy between Owens, Illinois and Owens Corning for the years 1953 to 1958, when Owens Corning distributed Owens, Illinois' Kalo product, and that Mr. Bauer, in his deposition, testified that he was exposed. He worked with Kalo during those years. So that, even under this Court's Gillenwater case, presents a valid issue for the jury. The second thing is, regarding the Laverty case, counsel was asked if this was exactly the same situation, and in that case, 35 of the 38 defendants joined in the motion to transfer. That was the interstate transfer? That was interstate transfer, yes. The final thing is, regarding three witnesses, and I understand counsel has a chart here, which I can't see it from behind the podium, but... Feel free to take a look at it if you wish to, counsel. It's in the brief, so... There's one column here that is empty. Right, the McLean County column is empty, and that's because I think that only a selective number of the witnesses are on that chart. There's an expert in McLean County, is that correct? There is indeed an expert. Dr. Skillroot, who was disclosed by eight defendants in this case, who lives in Bloomington, he's lived there. He went to the same college I went to in Bloomington. He's been basically a lifelong resident of Bloomington. Additionally, if you look at the appendix and the record at page C4251, there are two plaintiff's witnesses, fact witnesses, Wendell Kessinger and Wesley Irps that also live in Bloomington. They're not on that chart, and that's why the McLean County column isn't checked off, because neither of those three witnesses made the chart. But moving on, I think that transfer in this case would violate two basic principles of forum nonconvenience law in Illinois that have been established since the Guarine case. The first one is transfer is inappropriate where potential witnesses are scattered and there's no single predominant forum. That's the first principle. When I use the word principle, that's not my word. That's the word that the appellate court used in Ammerman in the 2008 case. They called that a principle. The second principle is that the defendant must show that plaintiff's forum is inconvenient to the defendant, and the defendant cannot simply assert that the plaintiff's chosen forum is inconvenient to the plaintiff. That's exactly what the defendant has done here, and the defendant has not met either one of those principles. The witnesses in this case are indeed scattered across not only counties in Illinois but around the country, and these aren't just plaintiff's witnesses. These are witnesses disclosed by the defense, and those include witnesses in the plaintiff's chosen forum, including a defense witness. And that's just not the Guarine case. I understand that the Supreme Court has gone back and forth sort of in how it's come out in these cases, but these principles have remained the same since Guarine through Doughty, through Lang and Horst, and then through the 2012 case of Fennell. Lang and Horst is the same thing as Guarine, where the witnesses are scattered. Transfer is not appropriate. The Doughty case, on page 171, it says that transfer is only appropriate to the most appropriate single forum. Now, in this case, the defendant has proposed two alternate forums, and by their own logic, if two different forums could be just as good, then there's not one single predominant forum. The forum nonconvenience doctrine already presupposes that there could be many different venues. The question in the case law says transfer is only appropriate in exceptional circumstances where the factors strongly favor transfer to one different county. In the Doughty case, same thing, most appropriate forum. Now, the second principle is that the defendant must show that the plaintiff's chosen forum is inconvenient to the defendant. So far, there has been no evidence, no affidavits, no testimony, nothing in the briefs, nothing in the motions, nothing from the oral argument that we just heard, that McLean County is inconvenient to the defendant, R.J. Reynolds, or that either of the counties that they have proposed, Mercer or Rock Island, is more convenient to the defendant. And that sets this case apart from all the cases that they rely on, including Fennell, including Doughty. And what's interesting about those four cases is that Guérin was a unanimous decision from the Supreme Court. Doughty was written by Justice Freeman. Langenhorst, Justice Freeman was in the majority in that case. And Justice Freeman also wrote the Fennell case. And in the Langenhorst case, which Justice Freeman was in the majority, it says defendant must. That's the exact word that is used in that case, must. The defendant must show that the plaintiff's chosen forum is inconvenient to the defendant and that another forum is more convenient to the defendant. How did the defendants in those cases achieve that? Well, they provided affidavits. In the Fennell case, there's an affidavit from the defendant's corporate representative, Charles Garrett. You may be familiar with him. He's the corporate representative from Illinois Central. And he's executed an affidavit in that case and said that moving this case to Mississippi would be more convenient for me and trying the case in Madison County would be inconvenient for me. Is there anything from R.J. Reynolds in this case similar to that? No. Same thing in the Doughty case. In the Doughty case, the defendants were attempting to move the case to the defendant employee's home county. Now here, the defendant's home county is in North Carolina. How is moving the case farther west from North Carolina more convenient for a tobacco company in North Carolina? It can't be. And they even tried to explain how it could be. And that was brought up in the Doe case recently from the 1st District, in which the court pointed out that was a defendant from Britain, a plaintiff from Venezuela, who filed her case in Cook County. And in that case, the defendant from Britain tried to do the same thing here. They said, look, the plaintiff is from Venezuela. She has damages witnesses in Venezuela because I think it was a defamation or an emotional infliction. So her doctor was in Venezuela, and other witnesses were in Venezuela. But the court said, well, wait a minute. That relates to the convenience of the plaintiff. And the plaintiff is afforded deference. How would the plaintiff's and her witnesses, where they reside, how does that affect you as a defendant? How does that affect your convenience? It doesn't. And the defendant hasn't shown how the fact that Mr. Bauer's son and Mr. Bauer's brother and his doctors, which isn't afforded great weight anyway outside of the medical malpractice context, how that affects them and their convenience whatsoever. They have no witnesses. It's a threshold issue in a form-not-convenience case that if you're going to argue that this form is inconvenient to me and another form is more convenient, that you at least produce some sort of witness or something that will say, yeah, I'm inconvenienced by coming to Bloomington, but I'd be more convenienced if we went to either of the counties that we proposed. And that has not happened here. And so the defendants failed on those two basic principles. And in the Guarine case, it was really actually, I think, kind of stunning in that case where the Supreme Court said, they said, look, we're getting all these requests for supervisory orders, and at the end of that case, I think it's page 276, they say, so to clarify the doctrine, that's what they said. In other words, listen up, litigants. This is what we're telling you. To clarify the doctrine, if witnesses are scattered, including witnesses in the plaintiff's chosen forum, and if there's no one single county that has the predominant connection to this litigation, it is an abuse of discretion to transfer it. So actually, I think if the court had allowed, if the trial court in this case had allowed the motion, we'd be back here at the same place right now on the IBR doing the same case and saying, look, it's pretty clear in the Guarine case that this court has said it's an abuse of discretion to transfer this case under these circumstances. So not only was it not an abuse of discretion to deny this motion, it would have been an abuse of discretion to allow it. And if you read between the lines there, the policy that the court has tried to announce is that, and this was mentioned in the Guarine case, there was mention of forum shopping from the plaintiff. I think Justice Steigman properly pointed out, why would the plaintiffs follow my firm where these conspiracy accounts have been shown to have sufficient evidence, why would we shop for that still in McLean County? He kind of suggested, wouldn't it be better for them if they moved it to the third district? Well, maybe. I think the implication of forum shopping is you're looking for a friendly venue where the juries are going to give you big awards and the appellate courts can rubber stamp your decisions. Well, that's certainly not the experience that we've had here. So we're not forum shopping. It's simply that the forum in McLean County is convenient. It's convenient to us, and in this case, it's convenient to all the parties involved. But as I was saying, the policy is that what we don't want is we don't want a defendant to file this type of motion without any sort of evidence at all that the case is inconvenient to them. Suppose a couple, you know, this venue, there could be many counties where a venue is proper. Suppose a couple of them, throw them a couple of them up on the wall, make a chart, and say, you know, we should do this. Why? Why? Because the court said, look, we also acknowledge that these motions are also used by defendants to do their own brand of forum shopping. And in the Dawdy case, the dissent by Justice Kilbride said, what seems to be happening here is not that transfer is more convenient or that this is a more convenient forum for the defendants, but it's just more convenient for their own interests. One of those interests, especially in asbestos litigation, where the clients are sick and they're often elderly and they don't have much time left on this earth, to embroil the plaintiff in protracted interlocutory appeals processes. And, you know, this case, if we move to the specific factors, public interest factors, this case was scheduled on the trial docket of February of 2016. So this case should be over by now. So in that respect, the defendant's strategy, or tactic, if you will, has worked. But since I've got some time left, I'll just move on to just drilling down more on the factors. There is a nexus here in McLean County through the conspiracy accounts, especially the count against Owens, Illinois, which this court has, as I said, recognized there is sufficient evidence for a jury issue in the Gillenwater case. It's a product liability case, and the courts have said repeatedly that in a product liability case there's no, quote, local flavor, where if it was in a car accident, that's one thing where these cases have been transferred, whether it's a car accident or a specific place of injury. Well, this is a product liability action where Mr. Bauer, and by their own chart, he was exposed to many different places. So there's no really, the local flavor of this case is diminished, and in those cases the factor of, you know, is more insignificant. And that's stated in Guerin, which is a product liability case, where a trailer hitch failed, and also in the Ammerman case. Now, there was some suggestion in the briefs, again, about forum shopping, and that we mentioned in one of the pleadings that one of the reasons why McLean County is convenient is because it has this procedure set up for asbestos litigation. And I think what you're going to hear in rebuttal, and what the counsel said he wanted to discuss in rebuttal, was this is becoming a litigation center. Well, in the Heffner case, from the Fifth District, they said, that's a perfectly legitimate thing to consider. That's the Fifth District that said it? The Fifth District did say that, yes. Is that based upon Madison County's example? Well, I will say, I practice in both Madison County and McLean County, and I will say McLean County is in no danger of becoming Madison County. Just checking. But it is a legitimate interest because it aids, frankly, it aids the convenience of all the parties. You know, the judges are familiar with the issue. And if you notice in this case, which has been brought up, I think only 11 of the 39 defendants joined in this motion. And so on that subject, what do you think about this discussion regarding whether or not the entire case would be moved? Well, I think if the case is dismissed, then it would be dismissed. Honestly, I don't think I have any better of an answer as a co-counsel, or my opposing counsel, I should say. So you think the entire case would be transferred? I think the entire case would be dismissed, and I think in the rules there may be some instructions to the plaintiff that they have to refile the case. And the question here is, where they're proposing two different counties, which county would that even be? Where are we supposed to go? And in the latest case in this issue, the Rush case, that case identified that as an issue. They said, we're not deciding that issue because neither of the parties complained about it. But this is an issue that here that the defendant has proposed two different counties, and where the case law clearly says you have to advocate for one particular county. Finally, I'll just say if I have any time left that also the issue of a site visit, which was brought up a little bit in the briefs, that's really not important here. The only site identified by the defendant was Clinton Power Plant, which has surely undergone massive changes in the last 30 or 40 years since Bill worked there. And that was discussed in Langenhorst case as a reason why it wouldn't be important. And even if there was still asbestos there, I wouldn't want to go, and I'm sure a jury wouldn't want to go to a site that was loaded with asbestos either. So either the asbestos is gone and it's no longer going to even help, or the asbestos is there, in which case I wouldn't think that a jury should really be going to that site. And with that, I'll reserve the rest of my time and take a seat. Thank you, counsel. Rebella? I believe counsel spent most of his time talking about convenience in a colloquial sense. What's more convenient? We have a test for that. We have a test for that. It's called Gulf Oil. It's been in place since 1943, and you don't just say what's more convenient for the two parties and 39 defendants. You go through the private factors. You go through the public factors. That's how you figure out what's more convenient. It's not a colloquial, late at night over a beer, what's more convenient. It's a consideration of public and private factors, and when you go through that, the public factors are to maintain the integrity of our court system, to maintain the integrity of our litigation system, to prevent litigation centers and procedures for handling asbestos cases, to prevent jurors from nudging each other when the jury is picked and saying, Why are we here? Why is Mr. Bauer here over in McLean County? Doesn't he live over in the Quad Cities? That's the public considerations, and that's what I would implore you to take into consideration when we think about this case and whether it should be transferred or not. On the record, the plaintiff filed, in opposition to our brief, a seven-page memorandum that contained no exhibits. This is what was filed in trial court. On appeal, the plaintiff filed this record that I believe contains 116 pages. None of it was argued at the trial court level, and only two pages of it even exist in the trial court record. The witness that the plaintiff says is from Bloomington is a defense expert witness, which the cases in droves say should not be a significant consideration anyway, but the fact remains it's not even in the record, nor are the other 115 pages. So we have a situation here. Affidavits. Why didn't R.J. Reynolds file an affidavit that it was more convenient for them to try a case in Rock Island or Mercer County than it was in Bloomington? Again, a test is a consideration of the public and private factors, and those are the things that are important. If, in fact, convenience of the individual witnesses is an issue, then I would expect an affidavit, and that would be one part of many-factored analysis to be described here. But when we get to a situation where the record, what's in the record, shows no factual connection between this case and McLean County whatsoever, and all the individual factors from the residence of the plaintiff to the medical care, to the fact witnesses identified by the plaintiff, to where he lived, to where he worked, when they're all somewhere else, I would implore you to transfer this case to where it belongs, not only for the private factors they consider, but for the public factors that are much more important and have much more consideration here. I will tell you, I looked at the Laverty case while I was sitting there, and in Laverty, they dismissed the counts against us. That's what they did. So on that part of it, I apologize. Just a statement. I do not have a good answer for you on that. If the court deems we should be transferred, then transfer us. If the court deems the entire case should be transferred, which I really believe the trial court has the power to do on our motion, considering all the factors, I think the entire case should be transferred. But one thing I know for certain is we should not be in McLean County on this case. You cannot explain to a rational person who reads this case law why we're in McLean County other than that the plaintiff filed it there and the judge denied the motion. There's no other explanation other than that's the way it is, because when you go into Gulf Oil and when you go into the public and private standards, you can't get away from the fact that this is a case that is uniquely local to Mercer and Rock Island County. You cannot get away from it. You cannot get away from the fact that when you consider the public factors that are supposed to be considered here by this court to maintain the integrity of the system, that this case has got no business in McLean County, that we're supposed to prevent litigation centers, not encourage them, that we're supposed to have cases filed locally where they belong, and that jury duty on McLean County, again, jury duty on McLean County, what in the world are these people going to think if you allow this case to be tried in McLean County? And they're sitting in the jury room, and somebody reads them the short description of the facts, and Mr. Bowers is from Mercer County, lived his entire life in Mercer County, worked in Rock Island County, all of his medical is there, his wife's there, everything's there, and today we're going to try this case 120 miles away in McLean County, despite the fact that since 1983, there's a Supreme Court law in point that says intrastate form of nonconvenience you're supposed to transfer for all the factors to be considered. If there are no questions, I have nothing further. Thank you.